[No. 1236.]

BALLINGER v. LEPORE.

1. PRACTICE.

An objection that a petition for *certiorari* was verified before the attorney of record of petitioner, will not be considered when raised for the first time in the argument on appeal.

2. CERTIORARI—NEGLIGENCE IN FAILING TO APPEAL.

A petition for *certiorari* that alleged that petitioner a defendant in a justice court did not understand the English language, that he was confused by frequent continuances of the case by plaintiff, that he did not know to what day the last continuance was taken, that his attorney without his knowledge abandoned his case, that immediately after he heard of the judgment against him and before he had time to appeal from it, he was unexpectedly called away from the state on important business that demanded immediate attention and was unable to return until it was too late to appeal, and which sets forth a good defense to the action, shows sufficient grounds for writ, and acquits the petitioner of negligence in not appearing at the trial and in not appealing from the judgment.

*Appeal from the District Court of Arapahoe County.*

Mr. L. E. KENWORTHY, for appellant.

Mr. LLOYD JONES and Mr. CHAS. M. BICE, for appellee.

THOMSON, P. J., delivered the opinion of the court.

On October 29, 1895, the appellee filed in the district court his petition for a writ of *certiorari*, to remove into that court

a cause in which judgment by default had been rendered against him by a justice of the peace in Denver. The petition alleged the institution of the suit before the justice, its adjournment from time to time at the instance of the plaintiff, and the final rendition of the judgment by the justice on the 20, day of September, 1895. The petition further averred that the petitioner was an Italian, and did not understand the English language except very imperfectly; that the frequent continuances taken by the plaintiff confused him; that his attorney, without his knowledge, had some days before the judgment was rendered, abandoned his case; that he had not been informed and did not know to what day the last continuance had been taken; that he received his first knowledge, on the 28, day of September, 1896, that a judgment had been given against him; and that he at once commenced arrangements to take and perfect an appeal from the judgment, but on the following day, and before his arrangements were completed, he was unexpectedly compelled to leave the city of Denver, and go to Cincinnati, Ohio, by the urgency of a business complication in which he was involved; and that before he could return the time within which an appeal might be taken had expired. The petition also set forth the petitioner's defense to the action, which we shall not notice further than to say that if it was based on fact, the judgment against him was unjust.

The appellant, who was the judgment plaintiff appeared and moved the court to quash the writ of *certiorari* on the ground of insufficiency of the allegations of the petition. The motion was denied, and the appellant refusing to appear further, judgment was rendered in favor of the petitioner. From that judgment this appeal is prosecuted.

The appellant makes the objection in argument that the petition was verified before the attorney of record of the petitioner. This was not one of the grounds of the motion to quash the writ, and the objection was not taken in any form in the court below. It appears for the first time in the argument here. If it had been suggested in the lower court,

the irregularity might easily have been corrected; but as the appellant saw fit to let it pass unnoticed, we shall follow his example. It is too late now to find fault with it.

The only question in this record is whether, upon the face of the petition, the failure to appeal from the judgment is chargeable to the negligence of the appellee. The following is the statutory provision on the subject:

"The petition, on application for writs of *certiorari*, shall set forth and show upon the oath of the applicant that the judgment before the justice of the peace was not the result of negligence of the party praying for such writ, that the judgment, in his opinion, is erroneous and unjust, setting forth wherein the error and injustice consists, and that it was not in the power of the party to take an appeal in the ordinary way; setting forth the particular circumstances which prevented him from so doing." Gen. Stats. sec. 1995.

There is no absolute test of negligence. The particular circumstances of each case in which it is alleged, are determinative of its existence or nonexistence. What would be negligence in one situation, might not be negligence in another; and the law does not exact the same degree of diligence from all persons alike. The appellee's want of knowledge of the English language, which would be likely to interfere with his understanding of what was required of him; the repeated continuances of the case by the appellant, which might well confuse and perplex him on account of his ignorance; his abandonment by his attorney, upon whom, naturally, he relied for guidance, and of which he was uninformed; are all matters to be considered in determining the question of negligence as to him; and we think that, taken together, they were sufficient to acquit him of blame for not knowing when to appear after the last postponement of the case, and for not discovering sooner than he did, that judgment was rendered against him.

Almost immediately after he learned of the judgment, and before he had time to appeal from it, he was unexpectedly called to Cincinnati by business of importance, which de-

manded his immediate attention, and was unable to return until it was too late to appeal. Surely he was not required to sacrifice important interests in order to escape the charge of negligence. In a case like this, press of business has been recognized as excusing what would otherwise be undue delay. *White v. Fry*, 2 Gil. 65.

We think it would be contrary to the spirit of the law, as well as unjust, to hold that the petitioner was guilty of negligence, because in giving his attention to business of overshadowing importance which he could not postpone he was compelled to let the time for appeal expire. We think the petition sufficient, and the judgment will be affirmed.

*Affirmed.*